# Olive Cemetery Co. *versus* City of Philadelphia, to use, &c.

93　129
131　117

93　129
138　372

93　129
143　372

93　129
147　538
150　128

93　129
118　603

93　　　129
204　　642

93　　　129
25 SC 346

93　　　129
216　　493

The charter of a cemetery company contained the following clause: "That no street, lane or road shall hereafter be opened through the said tract occupied as a cemetery without the consent of a majority of the lot-holders; and the same, when used as a place of sepulchre, shall be exempt from taxation, excepting for state purposes." A sewer was constructed on a street along the line of which were a number of these burial lots, and an assessment was charged against said lots to defray, in part, the cost of the sewer. In a suit to recover this assessment, *held*, that the assessment was a species of local taxation and within the exemption clause of the charter, and that the lot-holders were not liable.

February 3d 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas, No. 4, of *Philadelphia county:* Of January Term 1878, No. 41.

Case stated wherein the City of Philadelphia, to the use, &c., was plaintiff, and the Olive Cemetery Company defendant. The case as stated disclosed the following facts: That the Cemetery Company was incorporated by the Act of the 5th of February 1849, the third section of which provided as follows:

"That no street, lane or road shall hereafter be opened through the said tract occupied as a cemetery, without the consent of a majority of the lot-holders; and the same, when used as a place of sepulchre, shall be exempt from taxation, excepting for state purposes; and no lot which may be purchased as a place of sepulchre shall be subject to attachment or execution for any debt or debts of the owner thereof; *provided,* that said exemption from attachment or execution shall not extend to more than four lots as owned by any one individual."

On the line of Merion avenue all of the lots in the cemetery were sold, and are mostly improved and interments made therein. In said avenue the equitable plaintiff has constructed a sewer, extending from Girard avenue to Wyalusing avenue; and has filed a lien therefor covering the whole extent of the cemetery. The lot-holders on the line of Merion avenue had no notice of the construction of this sewer, nor notice of the filing of the claim therefor. No deeds of the lot-holders have been registered in the registry bureau of the department of surveys of the city of Philadelphia, nor have they been recorded in the office for recording deeds for the city and county of Philadelphia.

If the court be of opinion, that under the said charter the lots purchased by the lot-holders for burial purposes, and lands of the cemetery company are subject to lien and sale under the said lien, or that the lot-holders' consent, or notice to them, was not neces-

12 NORRIS—9

[Olive Cemetery Co. *v.* City of Philadelphia.]

sary before filing the lien, then judgment for the plaintiff; but if not, then judgment for the defendant.

The court, without filing an opinion, entered judgment for the plaintiff, when defendant took this writ, and alleged that the court erred in entering judgment.

*John A. Burton* and *Benjamin Harris Brewster*, for plaintiff in error.—Municipal assessments are taxes, and derive their validity from the constitutional power of the legislature to levy and collect taxes, delegated to the municipality by the legislature. There can be found no other power but this which clothes the legislature with authority to levy and collect these assessments for local purposes, and such assessments are taxes by whatever name called: Pennock *v.* Hoover, 5 Rawle 291; Pennel's Appeal, 2 Barr 216; Hammett *v.* City of Philadelphia, 15 P. F. Smith 164; People *v.* City of Brooklyn, 4 Comst. 419–438; Washington Avenue, 19 P. F. Smith 352.

And this power of taxation for local purposes is restricted to the benefit to be derived by the property assessed, and to the extent of that benefit: Washington Avenue, *supra;* Hammett *v.* Philadelphia, *supra;* People *v.* City of Brooklyn, *supra.*

But, it may be alleged, the legislature did not mean to exempt from all taxation, when they said "taxations, except state taxes." To this, it is answered: It is a well-settled rule that an exception in a statute excludes all other exceptions: Miller *v.* Kirkpatrick, 5 Casey 226; Warfield *v.* Fox, 3 P. F. Smith 383.

*Henry C. Terry*, for defendant in error.—The assessment for the construction of this sewer is not a tax within the meaning of the plaintiff's charter: Pray *v.* Northern Liberties, 7 Casey 69; Northern Liberties *v.* Church, 1 Harris 104; Borough of Greensburg *v.* Young, 3 P. F. Smith 284; Sharp *v.* Spier, 4 Hill 82; In re Mayor of New York, 11 Johns. 77; Bleeker *v.* Ballou, 3 Wend. 263.

Mr. Justice STERRETT delivered the opinion of the court, May 3d 1880.

The Olive Cemetery Company was incorporated by Act of February 5th 1849, for the purpose of establishing and maintaining a cemetery on a certain tract of land situated on the north side of Lancaster avenue, in the county, now city of Philadelphia, containing about ten acres and twenty-two perches. The third section of the act declares, "That no street, lane or road shall hereafter be opened through the said tract occupied as a cemetery, without the consent of a majority of the lot-holders; and the same, when used as a place of sepulchre, shall be exempt from taxation, excepting for state purposes; and no lot which may be purchased as

[Olive Cemetery Co. *v.* City of Philadelphia.]

a place of sepulchre, shall be subject to attachment or execution for any debt or debts of the owners thereof; provided, that the said exemption from attachment or execution shall not extend to more than four lots as owned by any one individual."

On the line of Merion avenue, by which the cemetery is bounded on one side, all the lots have been sold and mostly used for burial purposes. In that avenue the corporate authorities of the city caused a sewer to be constructed, and filed a lien for a proportionate part of the cost thereof against the entire cemetery tract, including the lots that have been sold, and claim the right to enforce payment thereof by sale of the land. The facts are fully presented in the case stated in the nature of a special verdict, and the questions of law involved submitted to the court below in the following terms: "If the court shall be of opinion that, under the said charter, the lots purchased by the lot-holders for burial purposes, and the lands of the cemetery company, are subject to lien and sale under said lien; or that the lot-holders' consent or notice to them was not necessary before filing the lien, then judgment for the plaintiff; but if not, then judgment for the defendant." The court entered judgment, on the case stated, in favor of the city.

The main contention on the part of the cemetery company is, that the assessment for construction of the sewer on Merion avenue is a species of taxation, and clearly within the letter as well as the spirit of the exemption contained in the charter. The exemption is "from taxation excepting for state purposes." The obvious meaning of this is that the Commonwealth releases, in favor of the cemetery company, her right to tax its land, when used as a place of sepulchre, in any form or for any purpose of a local nature, as distinguished from general state purposes; reserving to herself the right of taxation for the latter purposes only. The exemption is general, and embraces every species of taxation not specifically excepted; and the rule is well settled, that an exception in a statute excludes all other exceptions: Miller *v.* Kirkpatrick, 5 Casey 226. It is not pretended that municipal assessments for constructing sewers, &c., are within the accepted meaning of taxation for state purposes; on the contrary, it is contended by the city, that they do not come under the head of taxation at all. It is conceded, however, that the authority to make and collect such assessments is delegated by the Commonwealth. If it does not emanate from the inherent powers of the government to levy and collect taxes it is difficult to understand whence it comes. The only warrant for delegating such authority must be either in the right of eminent domain or in the taxing power. It cannot be found in the former, and hence it must be in the latter.

Taxation is the exercise of the inherent powers of government to compel contributions from persons and property for public pur-

poses, either of a general or local nature. For general or state purposes, the power of taxation has usually been exercised directly by the government, while for local objects it has generally been delegated to and exercised by the municipal subdivisions of the state. The history and growth of this delegated power are traced in Washington Avenue, 19 P. F. Smith 352. It is there said that "the practice of municipal taxation by counties, townships, cities and boroughs for local objects had its origin in necessity and convenience. Hence, roads, bridges, culverts, sewers, pavements, school-houses and like local improvements are best made through the municipal divisions of the state and paid for by local taxation. These have always been supported as a proper exercise of the taxing power. * * * In cities and towns where the population was dense, the authorities began to make improvements of special advantage to certain of the citizens at their expense. * * * So far, public opinion and long continued legislative practice have sustained local taxation with great unanimity, and this is strong evidence of the true interpretation of the constitutional power of the legislature to authorize municipal taxation of this sort." In McMasters *v.* Commonwealth, 3 Watts 292, a new phase of taxation was presented in the assessment of one person's property to pay compensation awarded to another whose property had been taken for a public use under the power of eminent domain; but it was sustained as a proper application of that principle of local taxation which authorizes the assessment of property specially benefited by a local improvement of a public nature, for the purpose of defraying the expense thereof. The admitted authority of the legislature to confer upon municipal corporations the power of assessing the cost of local improvements on properties benefited, is recognised in Hammett *v.* Philadelphia, 15 P. F. Smith 146, as "a species of taxation ; not the taking of private property by virtue of eminent domain." We have thus referred to these cases not for the purpose of vindicating the right of the legislature to authorize assessments in various forms for local improvements, but to show that they are regarded as a species of taxation ; that it is only on the principle of taxation that they are sustained. The cases of Northern Liberties *v.* Church, 1 Harris 104, Pray *v.* Northern Liberties, 7 Casey 69, and Borough of Greensburg *v.* Young, 3 P. F. Smith 280, have been cited as authority for the position that assessments for local improvements are not taxes. What is said in Washington Avenue, *supra*, in regard to two of these cases is equally applicable to the other viz. : the court did not mean to decide that such an assessment is not taxation within the general legislative power to tax. Had it been meant to say that such an assessment is not taxation at all, it would, in effect, deny the power of the legislature to authorize the assessment—a power which was affirmed in all these cases.

[Olive Cemetery Co. *v.* City of Philadelphia.]

It follows from what has been said, that the claim of the city is a species of taxation for local and not state purposes, based solely on the taxing power delegated by the state, and inasmuch as the charter of the company expressly exempts its land from such taxation, the lien is invalid and the plaintiff in error is entitled to judgment.

If it were at all necessary, it would be an easy task to show the wisdom and propriety of exempting such property as that of the plaintiff in error from local taxation, but nothing of that kind is required. It is sufficient to know that the legislature, in creating the corporation, exempted its property from such taxation. It is unnecessary to consider other minor points involved in the case stated.

> Judgment reversed; and judgment is now entered on the case stated in favor of the defendant below.