## City of Erie *versus* First Universalist Church.

1. An assessment on a city lot for the cost of a municipal improvement in the street on which said lot fronts, is a species of local taxation.

2. Under the provisions of the Act of May 14, 1874, exempting " churches . . . . . with the grounds thereunto annexed necessary for the occupancy and enjoyment of the same . . . . . from all and every county, city . . . . . tax," a church and the lot on which it is erected, is exempt from assessment for the cost of a sewer built by the city in the street on which such lot fronts.

3. Olive Cemetery Co. *v.* City of Philadelphia, 12 Norris, 129, followed.

February 5, 1884. Before MERCUR, C. J., GORDON, PAX-
SON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J., absent.

ERROR to the Court of Common Pleas of *Erie county:* Of
January Term, 1884, No. 213.

This was a scire facias sur municipal lien filed by the City
of Erie against " A piece of land fronting on Ninth street,
and Trustees First Universalist Church, owners or reputed
owners," to recover a proportionate part of the cost of a
sewer built by the city in Ninth street in front of said lot,
being 82½ feet on Ninth street.

The defendants, trustees of the church, filed the following
affidavit of defence : " That the land described in the writ in
this case is all annexed to the church building of said defen-
dants, and is necessary for the occupancy and enjoyment of the
same.    That said church building is erected upon said land,
and is the regular place of stated worship of the congregation
of the First Universalist Church of Erie ; that the said land
is in actual use and occupation for the purpose aforesaid, was
at the time of the construction of the sewer on Ninth street,
and for a large number of years previously thereto, and that
no income or revenue is or has been derived therefrom.    That
the plaintiff's claim is for the cost of the construction of a
sewer in Ninth street in front of said land, and this deponent
is advised by his counsel that the said land is by law exempt
from any charge therefor."

The plaintiff took a rule to show cause why judgment
should not be entered for want of a sufficient affidavit of
defence, which rule the court, after argument, discharged,
GALBRAITH, P. J., holding, in an opinion filed, that under the
decision in Olive Cemetery Co. v. City of Philadelphia, 12
Norris, 129, an assessment on a city lot for a municipal
improvement is a " tax," within the general legislative power
of taxation ; and that by the Act of May 14, 1874 (P. L.,
158), a church lot such as that described in the affidavit of
defence, is exempt from such taxation.

The plaintiff thereupon took this writ of error, assigning
for error the discharge of the said rule for judgment for want
of a sufficient affidavit of defence.

*Theo. A. Lamb,* for plaintiff in error.—The exemption cre-
ated by the Act of 1874 must be construed to mean only such
taxes as are of a public nature and for public purposes, and
not assessments made for improvements of special benefit to
the party charged : Northern Liberties v. St. John's Church,
1 Harris, 104.  That case seems to have been based largely on
that of Mayor of New York (11 Johns., 77), and Bleecker v.
Ballou (3 Wendell, 263).  But since then the ruling has been

repeatedly and almost universally affirmed: Cooley on Taxation, pages 146 and 147; Chegaray *v.* Jenkins, 3 Sandf., 409; People *v.* Roper, 35 N. Y., 629; Buffalo Cemetery *v.* Buffalo, 46 Id., 506; Universalist Society *v.* Providence, 6 R. I., 235; Matter of College Street; 8 Id., 474; Patterson *v.* Society, 24 N. J., 385; Broadway Church *v.* McAtee, 8 Bush (Ky.), 508; Baltimore *v.* Cemetery Co., 7 Md., 517; Lefevre *v.* Detroit, 2 Mich., 586; Kendrick *v.* Farquhar, 8 Ohio, 189, 197; Cincinnati College *v.* State, 19 Id., 110; Brewster *v.* Hough, 10 N. H., 138; Bridgeport *v.* R. R., 36 Conn., 255; First Presbyterian Church *v.* Fort Wayne, 36 Ind., 338; Bank *v.* Hamilton, 21 Ill., 53.

The case of Olive Cemetery Co. *v.* Philadelphia (12 Norris, 129), is the only authority that controverts the rule contended for. And, in view of the great mass of authorities to the contrary, it is respectfully submitted whether the rule in that case can stand.

*A. J. Foster* (*Frank Gunnison* with him), for defendant in error.—That an assessment for the cost of a sewer is a tax, and that when imposed and collected by the authority of a city, it is a city tax, was settled beyond controversy in the case of Olive Cemetery Co. *v.* The City of Philadelphia, 12 Norris, 129. The numerous authorities cited from Judge Cooley's work on Taxation, doubtless declare the law in the respective states. Perhaps the statutes upon which these cases arose were entirely different from the one now in controversy.

Mr. Justice Gordon delivered the opinion of the Court, February 18, 1884.

This is the case of a scire facias on a lien filed by the city of Erie for the cost of a sewer built by the municipality in Ninth street, of said city, in front of the lot owned by the defendants, on which is erected a building occupied and used as a place of regular stated religious worship by the congregation of the First Universalist church of Erie. On part of the defendants it is claimed that the property so used and occupied is, by the first section of the Act of May 14, 1874, P. L., 158, exempted from the assessment which forms the basis of the lien above stated. This claim is certainly well founded if municipal assessments of this kind are to be regarded as a species of taxation, for the Act speaks in no doubtful terms concerning the exemption of this kind of property from every variety of city tax. The statute reads as follows: "All churches, meeting houses, or other regular places of stated worship, with the grounds thereunto annexed necessary for the occupancy and enjoyment of the same; . . . . . and all school

houses belonging to any county, borough or school district, with the grounds thereunto annexed and necessary for the occupancy and enjoyment of the same; and all court houses and jails, with the grounds thereunto annexed, be and the same are hereby exempted from all and every county, city, borough, bounty, road, school and poor tax."

It will here be observed that churches are put in the same category with court houses, jails, and schoolhouses; in other words, with that kind of municipal property which every one must admit is not the subject of any kind of local taxation or assessment. It would seem to me, therefore, that this manner of classification leaves no room for doubt as to the legislative intent; if schoolhouses, jails and court houses are not subjects of municipal assessments, neither are churches; and if this is not the true reading of the Act, I confess my inability to comprehend it. But again, the property specified in this category is exempted from "all and every county, city, borough, bounty, road, school and poor tax." If then, the assessment which is the subject of the present contention, is a tax, it is embraced within the letter of the Act, and we must approve the judgment of the court below. But that such an assessment is a tax is definitely settled in the case of the Olive Cemetery Co. v. City of Philadelphia, 12 Nor., 129. Mr. Justice STERRETT, who delivered the opinion of the court in that case, says: "The main contention on part of the cemetery company is, that the assessment for construction of the sewer on Merion avenue is a species of taxation, and clearly within the letter as well as the spirit of the exemption contained in the charter. The exemption is 'from taxation excepting for state purposes.' The obvious meaning of this is that the commonwealth releases, in favor of the cemetery company, her right to tax its land, when used as a place of sepulture, in any form or for any purpose of a local nature, as distinguished from general state purposes; reserving to herself the right of taxation for the latter purposes only. The exemption is general, and embraces every species of taxation not specifically excepted; and the rule is well settled that an exception in a statute excludes all other exceptions: Miller v. Kirkpatrick, 5 Cas., 226. It is not pretended that municipal assessments for constructing sewers, &c., are within the accepted meaning of taxation for state purposes; on the contrary it is contended by the city that they do not come under the head of taxation at all. It is conceded, however, that the authority to make and collect such assessments is delegated by the commonwealth. If it does not emanate from the inherent powers of the government to levy and collect taxes, it is difficult to understand whence it comes. The only warrant for delegat-

ing such authority must be either in the right of eminent domain or in the taxing power. It cannot be found in the former, and hence it must be in the latter." Scarcely less emphatic is the declaration of Mr. Justice SHARSWOOD in Hammett *v.* Philadelphia, 15 P. F. S., 146, that this mode of municipal assessment for the cost of local improvements upon the properties benefited, is a species of taxation. So the cases of the Washington Avenue, 19 P. F. S., 352; Craig *v.* The City, 8 Nor., 265; and The City *v.* Rule, 12 Nor., 15, are ruled upon the assumption that such assessments are taxes, and in those cases they were held unconstitutional because the frontage rule of taxation, when applied to rural districts, was regarded as unequal and unjust.

We cannot, therefore, but regard the doctrine contended for by the defendants as thoroughly established by authority, and as the language of the Act itself leads to the same conclusion, we must agree with the court below that the affidavit of defence is sufficient, and exhibits such a case as must put the plaintiff out of court.

> The order of the court below discharging the plaintiff's rule for judgment for the want of a sufficient affidavit of defence is affirmed, and the writ of error is dismissed at the costs of the plaintiff.