# Broad Street.  Sewickley Methodist Episcopal Church's Appeal.

[Marked to be reported.]

*Taxation — Exemption — Charity — Municipal assessments — Benefits — Paving street — Estoppel — Constitution.*

The exemption from taxation of places of public worship authorized by art. 9, § 1, of the constitution of 1874, does not extend to a municipal charge or assessment against a church for paving a street.

The constitutional exemption relates to taxes proper, 'or general public contributions, levied and collected by the state or by its authorized municipal agencies for general governmental purposes, as distinguished from peculiar forms of taxation or special assessments imposed upon property, within limited areas, for the payment of local improvements therein, by which the property assessed is specially and peculiarly benefited and enhanced in value to an amount at least equal to the assessment.  By Mr. Chief Justice Sterrett.

It seems that where a church joins in the petition for the paving of a street, and the frontage owned by the church was necessary to make up the required majority in interest and number of abutting owners, and the paving was done in accordance with the prayer of the petition, the church is estopped from setting up a claim of exemption under the constitution and acts of assembly.

Argued Oct. 26, 1894.  Appeal, No. 144, Oct. T., 1894, by property owner, from order of C. P. No. 2, Allegheny Co., Jan. T., 1894, No. 38, dismissing exceptions to report of viewers.  Before Sterrett, C. J., Williams, McCollum, Mitchell, Dean and Fell, JJ.  Affirmed.

Exceptions to report of viewers.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were dismissal of exceptions, and entry of decree, quoting them.

*John R. Harbison, Clarence Burleigh* with him, for appellant. The assessment is a tax : Erie v. Church, 105 Pa. 281 ; Ap. of

Protestant Orphans' Asylum, 111 Pa. 135; Williamsport v. Beck, 128 Pa. 151; Centre Street, 115 Pa. 247; McMasters v. Com., 3 Watts, 292; Washington Ave., 69 Pa. 352.

Waiver of exemption from assessment must be in express terms.

*Thos. Patterson, C. E. Cornelius* with him, for appellee.— Under the act of May 16, 1891, P. L. 75, appellant's signature was necessary to give power to pave; this action operated as an estoppel.

OPINION OF MR. CHIEF JUSTICE STERRETT, Jan. 7, 1895:

The assessment, sustained by the court below, was made for the purpose of paying the cost of paving part of Broad street on which appellant's church property has a frontage of 107 feet, more than one-thirtieth of the entire frontage paved. The work was done under the act of May 16, 1891, which upon the petition of a majority of the property owners, in interest and number, on the line of the proposed improvement, empowers every municipal corporation to pave any public street, etc., and provides for assessing the cost and expense thereof on the property benefited. Appellant not only signed the petition for the improvement, but its frontage of 107 feet thereon is necessary to make up the required majority in interest and number. As shown by the schedule attached to the viewers' report, the aggregate frontage of the petitioners,—exclusive of appellant, —is only 1507.66 feet, which is less than the required majority. It thus appears that the question of paving under the act was virtually determined, in favor of the improvement, by appellant's signature to the petition therefor. The street was accordingly paved; and, as the viewers found, the property fronting thereon was specially benefited to the extent at least of the cost of paving. Having thus united with other property owners in procuring the improvement to be made, and having enjoyed the benefits resulting therefrom, it comes with bad grace for appellant to object to paying its proper share of the cost. In equity and good conscience it should pay it. If not liable on broader grounds, we think the facts and circumstances of the case justify application of the principle of estoppel enforced in Bidwell v. Pittsburg, 85 Pa. 412; Dewhurst v. Allegheny, 95 Pa. 437, and kindred cases.

But, aside from any question of estoppel, there is no valid reason for extending the exemption from taxation, authorized by article IX of the constitution, to a municipal charge or assessment such as that under consideration.  After declaring that "all taxes shall be uniform," etc., the first section provides that "the general assembly may, by general laws, exempt from taxation public property used for public purposes, actual places of religious worship, places of burial not used or held for private or corporate profit, and institutions of purely public charity."   Section 2 declares : "All laws exempting property from taxation, other than the property above enumerated, shall be void."   It is scarcely necessary to say that any enlargement of the scope of the constitutional exemption, by legislative enactment or otherwise, should be treated as an absolute nullity.

. The constitutional exemption relates to taxes proper, or general public contributions, levied and collected by the state or by its authorized municipal agencies for general governmental purposes, as distinguished from peculiar forms of taxation or special assessments imposed upon property, within limited areas, for the payment of local improvements therein, by which the property assessed is specially and peculiarly benefited and enhanced in value to an amount at least equal to the assessment.   There is such an obvious distinction between all forms of general taxation and this species of local or special taxation that we cannot think the latter was intended to be within the constitutional exemption.   The distinction is recognized in several of our own cases, among which are Northern Liberties v. St. Johns Church, 13 Pa. 104 ; Pray v. Northern Liberties, 31 Pa. 69.   In the former it was held that an assessment for pitching, curbing and paving a street was not a tax within the meaning of the act of April 16, 1838, P. L. 525, exempting churches and burial grounds from taxes.   In none of the cases, however, which we have had occasion to examine, are the distinction and its legitimate result so clearly and forcibly pointed out as they are in Illinois Central Railroad Co. v. Decatur, 147 U. S. 190, 197, wherein it is held that an exemption from taxation is to be taken as an exemption from the burden of ordinary taxes, and does not relieve from the obligation to pay special assessments imposed to pay for local improvements and charged upon contiguous property upon the theory that it is benefited thereby.

" Taxes proper, or general taxes," says Mr. Justice BREWER, " proceed upon the theory that the existence of government is a necessity; that it cannot continue without means to pay its expenses; that for those means it has the right to compel all citizens and property within its limits to contribute; and that for such contribution it renders no return of special benefit to any property, but only secures to the citizen that general benefit which results from protection to his person and property, and the promotion of those various schemes which have for their object the welfare of all. . . .

" On the other hand, special assessments or special taxes proceed upon the theory that when a local improvement enhances the value of neighboring property, that property should pay for the improvement."

After citing several authorities in support of these propositions, among which is Cooley on Taxation, 416, c. 20, he further says:

" These distinctions have been recognized and stated by the courts of almost every state in the Union, and a collection of the cases may be found in any of the leading text-books on taxation. Founded on this distinction, is a rule of very general acceptance,—that an exemption from taxation is to be taken as an exemption simply from the burden of ordinary taxes, taxes proper, and does not relieve from the obligation to pay special assessments."

The rule thus formulated not only rests upon an undoubtedly sound principle, but it is abundantly sustained by an almost unbroken line of authorities in nearly all of our sister states, several of which authorities are cited and commented on in the opinion referred to. We are therefore of opinion that special municipal assessments, such as that in question, are not within the constitutional exemption above quoted. While these assessments, resting, for their final reason, upon special local benefits, are referable to the taxing power, and therefore not improperly recognized as a species of taxation, they are not general burdens, or taxes proper, within the true intent and meaning of the law exempting property from taxation; and, in so far as any of our cases may be in conflict with this conclusion, they must be considered overruled.

Decree affirmed and appeal dismissed with costs to be paid by appellant.