New Castle City, Appellant, *v.* Stone Church Graveyard and Samuel S. Jackson, Trustee.

*Taxation—Exemption—Burial places—Constitution—Art. IX. sec. 1.*

The exemption from taxation authorized by art. IX. sec. 1, of the constitution, does not extend to a municipal assessment for paving a street, against " places of burial not used or held for private or corporate profit." Broad St. M. E. Church's App., 165 Pa. 475, followed.

Argued Oct. 15, 1895. Appeal, No. 100, Oct. T., 1895, by plaintiff, from judgment of C. P. Lawrence Co., Dec. T., 1892, No. 39, on case stated for defendants. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

·Case stated to determine the validity of a municipal assessment for paving a street.

The material portions of the case stated are as follows:

2. That the Stone Church Graveyard is a piece of ground situate on the southwestern side of Pittsburg street, in the Fourth ward of the said city, fronting on said street about 213 feet, and is inclosed by fences. It originally was all in one inclosure, and was intended for a place of burial; but there is a small triangular piece of the ground at the northern end in which no person was ever buried or interred, and in 1888 was separated from the place of sepulture proper by a tight up and down board fence. This small triangular piece is 96.2 feet front on Pittsburg street, 96 feet along the side next the place of sepulture, or burial, and 80.7 feet along the side next Newton.

3. That the land now known as the Stone Church Graveyard is a part of a larger parcel of land acquired in fee about 1833 or 1834 by a congregation of the Seceder Church, an unincorporated association of persons for religious worship and burial purposes ; upon part of which they erected and maintained for many years a church building in which they held religious services and meetings; which building, with some adjacent ground, was sold and conveyed many years before the pavement on the sidewalk was laid. The residue of the ground,

that mentioned in the claim filed by the plaintiff in this case, was used by said congregation as a burial ground, in which they interred the dead of said congregation and their relatives and others, from about the time the land was acquired or soon thereafter until about 1859, and the available space therein was principally occupied by the graves of those buried therein, and has been since then used and occupied exclusively for that purpose of sepulture, except the triangular piece at the northern end.  That no revenues, rents, proceeds or profits whatever arise from any of the ground described in plaintiff's claim. That in 1870 Samuel S. Jackson was appointed trustee of said land that remained of the Stone Church Graveyard.  Act of 1870, March 31, P. L. 683.  The appointment of said Jackson was made by the court of common pleas of Lawrence county, Pa., at No. 98, May term, 1870, C. P.

4. That on the 18th day of December, 1889, the city of New Castle, plaintiff, caused to be laid the sidewalk in front of the entire land of the Stone Church Graveyard, on Pittsburg street, after the defendants neglected to lay said walk, upon notice. The sidewalk was paved with flagstones five feet wide in the manner provided by ordinances. · Upon the refusal of the defendants to pay the expenses of laying said walk, the plaintiff, on the 2d of June, 1890, filed a statement of claim amounting to $217.60, with interest thereon from March 7, 1890, against all that certain lot of ground in the Fourth ward of said city, fronting on said Pittsburg street about 213 feet, and bounded, northeast by Pittsburg street; southeast by lot of J. McCune; southwest by lands of S. H. White and J. T. Newton.  The statement of claim is filed at No. 2, September term, 1890, in City Lien Docket No. 2; and a sci. fa. was issued thereon at No. 39, December term, 1892.  That no part of said claim, interest and costs has been paid.

The court in an opinion by HAZEN, P. J., entered judgment for defendants.  Plaintiff appealed.

*Error assigned* was entry of judgment as above.

*A. W. Gardner*, for appellant.—The plaintiff had authority to require defendants to lay the sidewalk in front of their property, and in default of complying with notice to lay the walk to charge them with the expense thereof.

The expense of constructing a sidewalk is in a sense a tax, but is in the nature of a penalty for a neglect of duty. The enforcement of the duty to lay sidewalks, or to pay for the expense thereof by the municipality is an exercise of the police power and not of the power of taxation: Wilkinsburg Boro. v. Home for Aged Women, 131 Pa. 117; Phila. v. Hospital, 143 Pa. 367.

Even if the expense of constructing a sidewalk was a tax (which it is not) because it is not for revenue, it would not exempt the defendants from the payment of it, for it would not be a tax for ordinary governmental purposes, but a special tax or assessment for a local improvement of special benefit to the property owner from which " places of burial not used or held for private or corporate profit " are not exempt: Broad Street Church's App., 165 Pa. 475.

*D. B. Kurtz, L. T. Kurtz* with him, for appellees, were not heard, but in their printed brief said : The general policy of the law in this state, to exempt all burial grounds from all taxation for county, city, borough, poor and school purposes is established by numerous statutes and is well recognized by many adjudications : Act of April 16, 1838, sec. 29, p. 525; act of July 18, 1839, sec. 8, P. L. 576; act of April 5, 1859, sec. 1, P. L. 363; act of April 8, 1873 ; sec. 1, P. L. 64; constitution of 1874, art. 9, sec. 1; act of May 14, 1874, sec. 1, P. L. 158.

Assessments for local municipal improvements are a species of taxation, and it is only on the principle of taxation that such assessments are sustained : Olive Cemetery Co. v. City of Phila., 93 Pa. 129; Washington Avenue, 69 Pa. 352: Oil City v. Oil City Boiler Works, 152 Pa. 348; Erie City v. Y. M. C. Ass'n, 151 Pa. 168; Hammett v. Philadelphia, 65 Pa. 146; Pittsburg's Petition, 138 Pa. 401; Parker's Appeal, 36 W. N. 525; Scranton v. Jermyn, 156 Pa. 107; Moorewood Avenue, 159 Pa. 20; City of Erie v. First U. Church, 105 Pa. 278; Mt. Pleasant Borough v. B. & O. R. R., 138 Pa. 365; Allegheny City v. R. R., 138 Pa. 377.

OPINION BY MR. JUSTICE GREEN, November 4, 1895 :

In the case of Broad Street etc. Church's Appeal, 165 Pa. 475, we held that the exemption from taxation of places of pub-

lic worship authorized by article 9, section 1, of the constitution of 1874, does not extend to a municipal assessment against a church for paving a street. The present chief justice, delivering the opinion, said, " The constitutional exemption relates to taxes proper, or general public contributions, levied and collected by the state, or by its authorized municipal agencies for general government purposes, as distinguished from peculiar forms of taxation or special assessments imposed upon property, within limited areas, for the payment of local improvements therein, by which the property assessed is specially and peculiarly benefited and enhanced in value to an amount at least equal to the assessment. There is such an obvious distinction between all forms of general taxation and this species of local or special taxation that we cannot think the latter was intended to be within the constitutional exemption." It is not necessary to repeat the reasoning of the opinion as it is of such recent date. As graveyards are in the same category with churches in the exempting clause of the constitution, the same reasoning applies to both. We consider that the case cited, and the other cases quoted in the opinion above referred to, control the present case, and we are therefore obliged to reverse the judgment rendered by the court below.

The judgment of the court below is reversed and judgment is now entered on the case stated in favor of the plaintiff and against the defendants for two hundred and seventeen $\frac{60}{100}$ dollars with interest from March 7, 1890, and costs of suit.