173 213
187 361
173 213
197 234

# Beltzhoover Borough *v.* Heirs of Jacob Beltzhoover, Owners or Reputed Owners, Appellants.

[Marked to be reported.]

*Municipal lien—Exemption from taxation—Graveyard.*

A graveyard, like church property, is not exempt from liability to pay assessments for local improvements, inasmuch as such assessments are not general taxation within the operation of the constitutional exemptions from taxation of churches and other properties designated.

*Boroughs—Street improvement—Statutes—Repeal—Acts of April 23, 1889, and May 16, 1891.*

The act of April 23, 1889, P. L. 44, relating to street improvements in boroughs is not repealed by the act of May 16, 1891, P. L. 80, as the two acts afford schemes for street improvements, not at all repugnant to each other. Hand v. Fellows, 148 Pa. 456, and Frederick St., 150 Pa. 202, followed.

*Municipal liens—Scire facias—Appearance—Service.*

Objections to the service of a scire facias sur municipal lien cannot be heard, where the record discloses a general appearance for all of the defendants, and a general affidavit of defense for all.

A municipal lien may be filed against the heirs of a decedent, as heirs, without giving their specific names.

A municipal lien against the "Heirs of Jacob Beltzhoover, owners or reputed owners," is valid.

Argued Oct. 30, 1895. Appeal, No. 135, Oct. T., 1895, by defendants, from judgment of C. P. No. 1, Allegheny Co., March T., 1895, No. 131, for want of a sufficient affidavit of defense. Before STERRETT, C. J., GREEN, WILLIAMS, MC-COLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Scire facias sur municipal lien.

From the record it appeared that certain street improvements were made by the borough of Beltzhoover on Beltzhoover avenue, and the sum of $581.72 was assessed by viewers on the Beltzhoover family burying ground.

On October 15, 1894, a lien was entered against said burial ground for the amount of said assessment, which assessment said lien claims was made by order of councils of the borough, "in pursuance of acts of assembly approved the 23d day of April, 1889, P. L. 44, and the 16th day of May, 1891, P. L. 80."

A writ of scire facias was issued on said lien against the "heirs of Jacob Beltzhoover, owners or reputed owners," at No. 131, March term, 1895, of the court of common pleas No. 1, of Allegheny county, and the sheriff returned that he had served said writ by posting the premises and by advertising in the Pittsburg Post.

A general appearance was entered for all of the heirs. James M. Bailey, one of the heirs, filed an affidavit of defense denying the right of the borough under the law to tax a burial lot not held for private or corporate profit, for street improvements, but raising no other matter of defense not apparent on the face of the record.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Errors assigned* were as follows:

1. The court erred in entering judgment against the defendants for want of a sufficient affidavit of defense, because under the law of the state of Pennsylvania, the property being a burial ground not kept or owned for private or corporate profit, could not be made the subject of a lien for grading, paving and curbing a street.

2. The court erred in entering judgment against the defendants for want of a sufficient affidavit of defense, because the plaintiff's lien as filed does not make out a prima facie case for the plaintiff.

3. The court erred in entering judgment against the defendants for want of a sufficient affidavit of defense, because the lien shows that the ordinance for the grading and paving of Beltzhoover avenue was passed under the act of April 23, 1889, and the assessment for which the lien was entered was made under said act and the act of May 16, 1891, which proceeding, partly under one act and partly under the other, is contrary to law, said acts prescribing radically different methods of making assessments.

4. The court erred in entering judgment against the defendants for want of a sufficient affidavit of defense, because the record does not disclose that the defendants were served with the writ of scire facias in manner and form as prescribed by law.

5. The court erred in entering a general judgment against all the defendants for want of a sufficient affidavit of defense because only one of the defendants filed an affidavit of defense, and no legal service which would sustain a judgment was made upon any of the defendants.

6. The court erred in entering judgment against the defendants for want of a sufficient affidavit of defense because there is no law authorizing the entering of a lien or issuing of a scire facias against defendants as heirs of a decedent or otherwise, except by naming them.

*Henry A. Davis, C. Magee, Jr.,* with him, for appellants.

*Frank M. McKelvey* for appellee, cited, as to the exemption: Sewickley M. E. Church's App., 165 Pa. 475; as to the repeal of the act of 1889, Hand v. Fellows, 148 Pa. 456; Hanover Borough's App., 150 Pa. 202; as to the entry of lien against "heirs:" Northern Liberties v. Coates Heirs, 15 Pa. 245; Wister v. City of Philadelphia, 86 Pa. 215.

OPINION BY MR. JUSTICE GREEN, January 13, 1896:

In the case of Sewickley M. E. Church's Appeal, 165 Pa. 475, we decided that church property was not exempted from liability to pay assessments for local improvements. We held that such special assessments were not general taxation and therefore did not come within the operation of the constitutional exemptions from taxation of churches and other properties designated.

Again, in the case of City of New Castle v. Stone Church Graveyard et al., 172 Pa. 86, we held that a graveyard was not exempt from such assessments for the same reasons expressed in the decision of the former case. The present is the case of a graveyard, and of course comes within both the foregoing decisions.

There is no force in the objection that the ordinance under which the improvement was made was passed under the act of 1889, and therefore no assessment could have been made under the act of 1891. This question was settled by our decision in the case of Hand v. Fellows, 148 Pa. 456, and in Frederick Street, Hanover Borough's Appeal, 150 Pa. 202.

The fourth and fifth assignments are not sustained because

there was a general appearance for all the defendants and a general affidavit of defense for all. The objection that there could be no proceeding against the heirs of Jacob Beltzhoover without naming them is answered by the decision of this court in Wistar v. City, 86 Pa. 215, and Northern Liberties v. Coates' Heirs, 15 Pa. 245. The assignments of error are not sustained.

Judgment affirmed.