# The City of Philadelphia *v.* Franklin Cemetery, Owner and Registered Owner, Appellant.

*Taxation—Exemption—Cemetery company—Municipal assessments.*

The exemption from taxation accorded to a cemetery company under act of May 29, 1840, P. L. 569, does not extend to a municipal charge or assessment for water pipe made against such cemetery company.

The right of a municipality to recover from church and cemetery properties their proportionate share of the cost of water pipe and pavement improvements is settled, and is not changed by the fact that a cemetery company was incorporated before the amendment to the constitution of 1856, P. L. 1857, p. 811, which is adopted in sec. 10, art. XV. of the constitution of 1874.

Argued Oct. 12, 1896. Appeal, No. 70, Nov. T., 1896, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1890, No. 278, M. L. D., in favor of plaintiff for want of a sufficient affidavit of defense. Before RICE, P. J., WILLARD, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Sci. fa. sur municipal claim for water pipe.

The defendant's defense, as set out in its affidavit of defense, is, that by its charter of incorporation (act of May 29, 1840, P. L. 569) the said cemetery is exempt from all taxation, and that the charge made against the property for water pipe is a form of taxation from which the defendant is exempt.

The court made the rule absolute.

Damages were assessed at $659.11. Defendant appealed.

570    PHILA. *v.* FRANKLIN CEMETERY, Appellant.

Assignment of Errors—Opinion of the Court. [2 Super. Ct.

*Errors assigned* were (1, 2) entry of judgment in favor of plaintiff.

*Horace Haverstick,* for appellant.—That a charge, such as that involved in the present suit, is a form of taxation, does not require any argument to prove, but if authority is wanted, it will be sufficient to refer to : Washington Avenue, 69 Pa. 352 ; Olive Cemetery v. Philadelphia, 93 Pa. 129.

*David Lavis,* with him *James Alcorn,* assistant city solicitor, and *John L. Kinsey,* city solicitor, for appellee.—The appellant only claims that its exemption is from taxation, and does not endeavor in any wise to discuss the aspect of water pipe or other municipal liens filed for local improvement in their relationship to the subject of general taxation ; and especially with reference to the construction which the Supreme Court has placed upon them in the cases of Broad St., 165 Pa. 475, and City of New Castle v. Stone Church Graveyard, reported in 172 Pa. 86 ; Phila. v. Masonic Home, 160 Pa. 577 ; Wag. Inst. v. Phila., 132 Pa. 613.

It has been settled finally that a claim for water pipe is a municipal assessment: Phila. v. Church St. James, 134 Pa. 207.

OPINION BY ORLADY, J., November 9, 1896 :

The city of Philadelphia filed its claim against " all that certain lot or piece of ground situate on the south-east side of Ruth street . . . . , containing in front or breadth on Ruth street 488 feet 7⅛ inches, and extending in length or depth between lines parallel with Orleans street 320 feet, more or less, to Jasper street, for work done and materials furnished by the said city in laying water pipe in front of said lot on Ruth street, and duly assessed and charged as follows, to wit:

" June 14th, 1890. To 488 feet 7⅛ inches of water pipe at $1.00 per foot, $488.59, which sum together with the lawful interest is claimed as a lien against said premises whoever may be the owner or owners thereof, agreeable to the several acts of Assembly in relation thereto."

A sci. fa. sur claim was issued by the city, and by the affidavit of defense filed thereto it appears that the property is owned by the Franklin Cemetery Company, a corporation, incorporated

by an act of May 29, 1840, P. L. 1840, p. 569, and is a part of a larger tract of between six and seven acres; the whole of which tract has been solely and continuously used as a cemetery and place of burial since the incorporation of the company, and the whole of the tract has been and is now occupied for that purpose, and contains many thousands of interments.

The claim is resisted, for the reason that the defendant is not liable for said claim, the same being a form of taxation; and by the act incorporating the Franklin Cemetery Company, the said land is especially exempt from taxation, the fourth section of the act being as follows: "No street, lane or road shall hereafter be laid out through the lands so occupied as a cemetery as aforesaid, and the same or so much thereof as may be actually occupied as a place of burial, shall be exempt from taxation."

The rule was made absolute and judgment entered for $659.11 in favor of the city.

The right of a municipality to recover from church and cemetery properties their proportionate share of the cost of water pipe and pavement improvements has so recently been passed upon in Pettibone v. Smith, 150 Pa. 118; Philadelphia v. Masonic Home, 160 Pa. 572; Broad Street Church's Appeal, 165 Pa. 475, and Newcastle City v. Jackson, Trustee, 172 Pa. 86, that it is not necessary to repeat the reasoning of those opinions, in which the question has been disposed of in a most convincing manner; and the conclusions therein reached are not changed by the fact that this cemetery company was incorporated before the amendment to the constitution of the commonwealth of 1856, P. L. 1857, p. 811, which is adopted as section 10 of art. XV. of the constitution of 1874.

While Olive Cemetery Co. v. Philadelphia, 93 Pa. 129, and Erie v. Church, 105 Pa. 278, are authority for the argument that local municipal improvements are a species of taxation, and on the principle of taxation are alone sustained, the judgment of the Supreme Court in Broad Street Church's Appeal, 165 Pa. 475, is conclusive of this question:

"'Special assessments or special taxes proceed upon the theory that when a local improvement enhances the value of neighboring property, that property should pay for the improvement. . . . . Founded on this distinction, is a rule of very general

application, that an exemption from taxation is to be taken as an exemption simply from the burden of ordinary taxes, taxes proper, and does not relieve from the obligation to pay special assessments.' . . . While these assessments, resting, for their final reason upon special local benefits, are referable to the taxing power, and therefore not improperly recognized as a species of taxation, they are not general burdens, or taxes proper, within the true intent and meaning of the law, exempting property from taxation; and in so far as any of our cases may be in conflict with this conclusion, they must be considered overruled."

This judgment is affirmed.