# The Borough of Verona *v.* The Allegheny Valley Railway Company, Appellant.

*Road law—Statutes—Repugnancy in proceedings—Acts of April* 8, 1848, *April* 21, 1873 *and May* 16, 1891.

There is such a repugnancy between the special Acts of April 8, 1848, P. L. 415, and April 21, 1873, P. L. 824, relating to the borough of Verona, and the general road Act of May 16, 1891, P. L. 75, as to the modes of proceeding in opening streets, as will not warrant any attempt at mixing or blending the two modes of proceeding in one. The borough or the property owner must adopt wholly the one or the other mode of proceeding from the beginning to the final decree.

Argued Nov. 2, 1897. Appeal, No. 140, Oct. T., 1897, by defendant, from order of C. P. No. 1, Allegheny County, September T., 1896, No. 507, confirming report of viewers. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Exceptions to report of viewers.
The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to report of viewers.

*William R. Blair,* with him *William Scott* and *George B. Gordon,* for appellant.—The act of 1873 is merely supplementary to and does not repeal the provisions of the act of 1848: Verona Borough's Appeal, 108 Pa. 83; Allegheny Valley R. R. v. Verona, 152 Pa. 368.

If the two systems are not so radically different as to be fairly considered repugnant, so far as employing them together, it is, we submit, difficult to imagine a case where such repugnance can exist: West Chester Alley, 160 Pa. 89.

*John P. Hunter,* for appellee, cited Frederick Street, 150 Pa. 202; Beltzhoover's Heirs v. Beltzhoover Borough, 173 Pa. 213; Seaman v. Washington Borough, 172 Pa. 474; Wade v. Oakmont Borough, 165 Pa. 479.

OPINION BY MR. JUSTICE DEAN, October 17, 1898:

The borough of Verona was incorporated by special act of the legislature, May 10, 1871; by this act the legislation regulating the municipal affairs of Birmingham borough, of the same county, was extended to Verona. One of the acts which thus became the law for the new borough, is that of April 8, 1848, the first section of which provides that when the borough authorities consider it necessary for the accommodation of the public, that a new street shall be opened, they shall have power to open the same, determine its location, plan and limits; that a plan thereof shall be deposited in the office of the recording regulator of said borough for public examination and inspection, notice thereof to be given in two newspapers published in Allegheny county to all interested; then any person suffering damage may apply to the next court of quarter sessions of the county, for appointment of viewers, and the same proceedings shall be had as under the general road laws of the commonwealth; and the borough council, as soon as they have caused payment of the damages to be made, may cause the street to be forthwith opened; providing further, that if the damages so assessed be not paid within one year, then the proceedings shall be null and void. By special act of April 21, 1873, the borough authorities of Verona were authorized to open any street included in the general plan of the borough, fixed by ordinance of September 11, 1872, providing however that no such action should impair the right of any person who had applied for damages because of the adoption of the plan; and that in all cases where damages had been assessed under the general or any other plan, the same should be paid by the borough within one year, and in default thereof the street should be vacated. The property owner alone could petition for the assessment of damages, and if all the requirements of the act were strictly complied with by the borough, he was bound to move at the next court of quarter sessions.

The general plan thus enacted into an express law, had plotted on it Railroad avenue, a street located in large part on the right of way of the Alleghany Valley Railway Company; it extended from James street to Plum Creek, a distance of 2,400 feet. On October 24, 1894, the borough adopted an ordinance opening this street according to its location on the general plan,

and provided for notice of the ordinance by publication in the newspapers, as required by the special act: the ordinance further directed that the street should be actually opened to travel as soon as damages sustained by owners of land were paid to them. The borough then presented its petition to the court of common pleas of Allegheny county, setting out that under and by virtue of the ordinance, the street had been opened ; that private property had been taken and injured, and praying for the appointment of three freeholders as viewers to assess and report the damages, as provided by the act of May 16, 1891. The viewers were appointed and found that the borough had taken three acres of the railway company's land, its pump house and frame passenger station, and assessed the damages at $6,900. Other damages claimed by the company, such as tracks, freight warehouse and platform, were refused, because these improvements had been constructed after notice to the company of proceedings for opening the street. Exceptions were filed by both parties to the assessment, which the court overruled, and confirmed the report. The railroad company brings this appeal, alleging that the proceedings were partly under the general act of 1891, while they should have been wholly under the special acts of 1848 and 1873, and consequently the common pleas had no jurisdiction.

That the special acts relating to this borough provided special proceedings for opening streets which are different from and repugnant to the general act cannot be doubted. We have decided in two cases, Borough of Verona's Appeal, 108 Pa. 83, decided in 1884, and Verona Borough v. Railroad, 152 Pa. 368, decided in 1893, that the municipal powers of this borough are conferred by the special acts of 1848 and 1873. In fact, the minutes of the council show that in this proceeding it relied on no other power, for in the ordinance of October 24, 1894, it resolves to open the street according to the plan of September 11, 1872, which had become by legislative enactment of 1873 the borough plan ; the mere perusal of the act shows it was only a supplement to that of 1848. As we decided in the appeal of the borough, 108 Pa. 83, that the special legislation provided a special procedure in such cases, we are of opinion this procedure is so different from that provided in the act of 1891 that the two cannot be blended. Under the special acts

the proceeding commences by councils fixing the location of the street, next, the adoption of a plan, next, the depositing of it in the regulator's office, next, application by owner or person interested for assessment of damages by viewers appointed by the court of quarter sessions, then the actual payment of the damages and, lastly, the opening of the street. The act of 1891 provides that on petition of a majority of property owners for the street, councils may at once proceed to open it to the public, then the damages are to be assessed by viewers appointed by the court of common pleas. All the steps preliminary to the actual appropriation of the land to public use and opening must under the special acts be taken first; this is to be immediately followed by assessment of damages, then payment, and then opening. Under the act of 1891 security for payment of damages can be given, and then entry be made before assessment and payment. The court of quarter sessions has jurisdiction under the special acts; the court of common pleas under the act of 1891. The cases cited by counsel for appellee, Hanover's Appeal, 150 Pa. 202, and Beltzhoover v. Beltzhoover, 173 Pa. 213, do not rule this case, for no question of the exercise of power under a special act was present in those cases; the borough of Verona has never come under the operation of the general borough act; it still owes its being to the special acts. And while conceding that the act of 1891 is a general act conferring cumulative powers on all municipalities, and repealing neither general nor special prior acts, yet it by no means follows that a municipality can select such provisions of the two acts as suit its interest or convenience and tack them together in one proceeding, in one court, to determine what damage it has caused a property owner. The argument that the remedy provided by the act of 1891 is more convenient than that of the special acts, as by the former all the damages along the line of the proposed street can be assessed at one view, and by the latter, only those of the petitioning property owner, is a forcible reason for adopting that remedy, but not a good one for adopting parts of both remedies. We are of opinion that while there is no repugnancy in the object of the legislation, each aiming to secure damages for the property owner, and promote public improvements, by a proceeding for that purpose, nevertheless, there is such a repugnancy in the modes of proceeding

as will warrant no attempt at mixing or blending them in one. The appellee or the property owner must adopt wholly the one or the other from beginning to final decree.

The decree is reversed and the proceedings set aside at costs of appellee.