# Harrisburg *v.* Cemetery Assn., Appellant.

*Cemeteries—Corporations—Corporations for profit—Taxation—*
*Municipal claims—Execution—Statutes—Exemption from taxation*
*and execution—Strict construction—Acts June 4, 1901, P. L. 364;*
*May 28, 1915, P. L. 599, and February 14, 1845, P. L. 26.*

1. A cemetery association incorporated for the purpose of selling lots at a profit, and directed to use the profits, less the cost of maintenance, for the purpose of keeping the cemetery in perpetual good condition, is one whose real estate is "used or held for......corporate profit," within the meaning of those words in section 5 of the Act of June 4, 1901, P. L. 364, as amended by the Act of May 28, 1915, P. L. 599, 602, and hence, so far as these statutes are concerned, its real estate is liable for all taxes and municipal claims levied and assessed thereon.

2. A corporation is not relieved from the payment of a municipal charge or assessment by a provision in its charter which merely exempts it from taxation.

3. Statutory tax-exempting provisions should be strictly construed.

4. When a judgment has been recovered against a cemetery company on a scire facias sur municipal claim, it will not be reversed because lots which have been actually conveyed for the purpose of sepulture are statutorily relieved from execution. If an attempt is made by execution on the judgment to sell such lots, the owners thereof have ample remedies to protect their property rights.

Argued May 21, 1928.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 4, May T., 1928, by defendant, from judgment of C. P. Dauphin Co., 906 M. L. D., No. 4, on verdict for plaintiff, in case of Harrisburg City v. Harrisburg Cemetery Association.   Affirmed.

Scire facias sur municipal claim.   Before WICKERSHAM, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff.   Defendant appealed.

*Error assigned,* inter alia, was in refusing judgment on the whole record and entering judgment on the verdict, quoting record.

*Berne H. Evans,* with him *Paul A. Kunkel,* for appellant.—The cemetery is exempt from liens for paving: Donohugh's App., 86 Pa. 307; Union Dale Cemetery Co.'s App., 227 Pa. 1; Episcopal Academy v. Phila., 150 Pa. 565; Sunday School Union v. Phila., 161 Pa. 307; Mercersburg College v. Poffenberger, 36 Pa. Superior Ct. 100; Broad Street, 165 Pa. 475; New Castle v. Jackson, 172 Pa. 86; Harrisburg v. Congregation, 9 Dauphin Co. R. 184; Oliver Boro. v. Cong., 51 Pa. 343.

The charter forbids sale on a municipal claim: Union Dale Cemetery Assn. Co.'s Case, 227 Pa. 1.

*John R. Geyer,* with him *Paul G. Smith,* for appellee. —The cemetery is not exempt under general statutes: Pittsburgh v. Cemetery Assn., 44 Pa. Superior Ct. 289; Carrick v. Canevin, 243 Pa. 283.

It is plain that the legislature did not intend to exempt all places of burial because it added the qualifying words "not held or used for private or corporate profit": Goodhart v. R. R., 177 Pa. 1; Corgan v. Coal Co., 218

Pa. 386; Union Dale Cemetery Co.'s App., 227 Pa. 1; Donohugh's App., 86 Pa. 306.

But under no construction of the term can appellant be held to be a purely public charity: Hunter's App., 22 W. N. C. 361; White v. Smith, 189 Pa. 222; Thiel College v. Mercer Co., 101 Pa. 530; Harrisburg v. Academy, 26 Pa. Superior Ct. 252; Mercersburg College v. Poffenberger, 36 Pa. Superior Ct. 100.

Appellant's charter does not forbid sale on a municipal claim.

OPINION BY MR. JUSTICE SIMPSON, June 30, 1928:

The City of Harrisburg paved a street upon which defendant's cemetery abuts, filed a municipal claim to recover a due proportion of the cost, and obtained a verdict and judgment. As, presumptively, the property is liable, and defendant's appeal raises no point regarding the proofs or the amount of the judgment, we need only consider the three reasons urged as showing exemption from such liability.

Defendant first relies on section 5 of the Act of June 4, 1901, P. L. 364, 366, as amended by the Act of May 28, 1915, P. L. 599, 602. It is there stated that "All real estate, by whomsoever owned and for whatsoever purpose used, shall be subject to all taxes and municipal claims......except......places of burial not used or held for private or corporate profit......" The entire controversy on this point turns on the meaning to be given to the words "corporate profit" as applied to defendant's cemetery.

Section 5 of the incorporating Act of February 14, 1845, P. L. 26, 28, provides that "As soon as the money received from the sale of lots in said cemetery shall be sufficient to pay the purchase money expended by the persons hereby incorporated, with interest, and the expenses that shall have been incurred by them in laying out, enclosing and improving the grounds, then...... all the money raised thereafter from the sale of lots shall

be expended in improving, repairing and maintaining said cemetery." Section 2 of the Amendatory Act of April 6, 1868, P. L. 728, directs that the surplus funds "not immediately required for repairing and maintaining said cemetery" be invested in a designated class of securities, "the interest derived from such investments to be applied to the uses and purposes of said cemetery ......and it shall not be lawful......to use the principal of the fund so set apart for any [other] purpose, but the same shall remain as a perpetual fund." The cost of the land, and the initial and all subsequent expenses in laying out, enclosing and improving it, have been paid, and at the present time defendant has in its permanent fund approximately $150,000. It has also unsold lots, which, at present prices, would realize $435,000 additional, but will probably produce much more.

If a real estate company purchased land, kept it in good condition, and later sold it at an advanced price, every one would admit it had made a "corporate profit." A division thereof would also result in a private profit to the shareholders, but this would not negative the fact that it was distributing its "corporate profit." The situation is the same here, except that there can be no private profit in that sense. The permanent fund, accumulated in the way stated, is "held for corporate...... profit," and it would not be a far cry to assert that it is later to be "used for private......profit," since the income from it is to be applied to keep the cemetery in good order, in relief of the lot holders, who are now the sole corporators. This we need not consider, however; it suffices that the charter provides for corporate profits, and there are such profits.

Defendant next urges that it is relieved from liability because of the general exception from taxation appearing in section 4 of the incorporating statute, which specifies that "every lot conveyed in such cemetery shall be held by the proprietor for the purpose of sepulture

alone,.......shall not be subject to attachment or execution, and that the said cemetery shall hereafter be forever exempted from taxation." Paving claims and other special assessments are not taxation, however, though they are in some respects similar. Consequently we held in Sewickley M. E. Church's App., 165 Pa. 475, 477; New Castle City v. Jackson, 172 Pa. 86; Beltzhoover Boro. v. Beltzhoover's Heirs, 173 Pa. 213, and Phila. v. Union Burial Ground Society, 178 Pa. 533, that "there is no valid reason for extending the exemption from taxation, authorized by article IX of the Constitution, to a municipal charge or assessment." Neither is there any "valid reason for extending the exemption from taxation, authorized by......[the Act of 1845] to a municipal charge or assessment," especially as all statutory tax-exempting provisions are to be strictly construed: Com. v. Lowry-Rodgers Co., 279 Pa. 361; Com. v. Sunbeam Water Co., 284 Pa. 180.

Defendant's final contention grows out of the clause in section 4 of the Act of 1845, above quoted, that the lots conveyed shall be held "for the purpose of sepulture alone......[and] shall not be subject to......execution." This, however, is a matter with which defendant in its corporate capacity is not concerned, and thus only does it appeal. Moreover, there has not been and there may never be an execution on this judgment. Admittedly, there are a number of lots which have not been conveyed for the purpose of sepulture, and are therefore liable to execution. If plaintiff hereafter issues execution against those which have been conveyed for the purpose stated, the owners thereof have ample remedies to protect their property rights.

The judgment of the court below is affirmed.