Meadville City, Appellant, *v.* Odd Fellows' Home of Western Pennsylvania.

Argued April 17, 1936; reargued April 12, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER, JAMES and RHODES, JJ.

*Dickson Andrews,* City Solicitor, for appellant.

*Leland J. Culbertson,* for appellee.

OPINION BY PARKER, J., July 15, 1937:

This is an action by a writ of scire facias sur municipal lien and the appeal to this court is from an order discharging a rule to show cause why a judgment should not be entered for plaintiff for want of a sufficient affidavit of defense. The only question involved is whether the defendant is by a provision in its charter exempted from liability for a claim arising from the construction of a sewer in the city of Meadville and in a street on which defendant's property fronted.

The defendant was incorporated by the special act of April 3, 1872, P. L. 880, for the purpose of maintaining a home where there would be received indigent members of the Independent Order of Odd Fellows and widows and children of members. By section 2 it was provided: "That the estate, real and personal, and all property that shall be held by this corporation, be and the same is hereby exempted from all assessment and taxation so long as the same shall continue to be used for the use and purposes of this corporation." The appellant contends that the words "assessment" and "taxation" should be read together and construed as referring to general taxes only.

We are all of the opinion that the exemption extended to the defendant did not relieve it from the payment of municipal claims for benefits which were of special value to the defendant but granted immunity

only from the assessment and payment of general taxes. "All statutory tax-exempting provisions are to be strictly construed": *Harrisburg v. Harrisburg Cemetery Assn.*, 293 Pa. 390, 394, 143 A. 111; *Com. v. Lowry-Rodgers Co.*, 279 Pa. 361, 123 A. 855; *Com. v. Sunbeam Water Co.*, 284 Pa. 180, 130 A. 405.

While assessments for the construction of sewers and original grading and paving of streets, etc., have always been regarded as a species of taxation (*Oil City v. Oil City Boiler Works*, 152 Pa. 348, 354, 25 A. 549; *Michener v. Phila.*, 118 Pa. 535, 540, 12 A. 174), yet there is a clear distinction made in the cases between taxes imposed for the common benefit of all and those assessed for special benefits against particular properties or their owners on account of and to the extent of such special benefits. In *Ill. Cent. R. Co. v. Decatur*, 147 U. S. 190, 197, 13 S. Ct. 293, 294, Mr. Justice BREWER said: "Taxes proper, or general taxes, proceed upon the theory that the existence of government is a necessity; that it cannot continue without means to pay its expenses; that for those means it has the right to compel all citizens and property within its limits to contribute; and that for such contribution it renders no return of special benefit to any property, but only secures to the citizen that general benefit which results from protection to his person and property, and the promotion of those various schemes which have for their object the welfare of all......On the other hand, special assessments or special taxes proceed upon the theory that, when a local improvement enhances the value of neighboring property, that property should pay for the improvement......Founded on this distinction is a rule of very general acceptance,—that an exemption from taxation is to be taken as an exemption simply from the burden of ordinary taxes, taxes proper, and does not relieve from the obligation to pay special assessments."

It is now uniformly held that "there is no valid reason for extending the exemption from taxation, authorized by article IX of the constitution, to a municipal charge or assessment": *Sewickley M. E. Church's Appeal,* 165 Pa. 475, 477, 30 A. 1007; *New Castle v. Jackson,* 172 Pa. 86, 33 A. 236; *Beltzhoover Boro. v. Beltzhoover's Heirs,* 173 Pa. 213, 33 A. 1047; *Harrisburg v. Harrisburg Cemetery Assn.,* supra.

While the cases of *Olive Cemetery Co. v. Phila.,* 93 Pa. 129, and *Erie v. First Universalist Church,* 105 Pa. 278, seem to the contrary, those cases "have gone down in a general overruling clause in the case of *Broad Street,* 165 Pa. 475," 478 (*Phila. v. N. P. R. R. Co.,* 1 Pa. Superior Ct. 254, 256; *Phila. v. Franklin Cemetery,* 2 Pa. Superior Ct. 569, 571). The decisions of this and other states show a definite policy of broad application to the effect that not only must a tax exemption clause be strictly construed, but that an exemption from taxation does not extend to claims against those specially benefited. There is remarkable unanimity in this respect. While certain public charities and property used for charitable purposes are now exempt from general taxation by authority of the Constitution, in return for services rendered to the public by the one exempted, yet it is not the policy of the law to impose on others a burden resulting from improvements which are of special value to a particular property and have caused an enhancement of the value of such property.

The defendant seeks a special advantage here because the word "assessment" is used in the exemption clause. This would seem to us to be a strained construction. Assessment is thus defined: "A valuation of property for the purpose of taxation; such valuation and an adjudging; the entire plan or scheme fixed upon for charging or taxing." The act of assessing, as that word is here used, is but a phase of the whole process of taxation. The plain meaning of the exempting

clause in question is that defendant's real and personal property is exempted from the necessity for assessing it for general taxes and from the payment of such taxes.

"Taxation" is a broader and more comprehensive term than "assessment." In this respect we differ with the learned judge of the court below. The content of the former embraces the latter and assessment is but one of the steps in the whole process of taxation. It follows that if the broader term is not sufficient to give immunity from assessments for special benefits, then the inclusion in the clause of a part of the process does not extend the exemption. Notwithstanding the fact that assessments for special benefits such as those for the construction of a sewer abutting on a property are described as a "species of taxation" in some cases, yet the term "taxation" is not broad enough, it must be conceded, to cover an immunity from liability for special benefits. The conclusion seems to us irresistible that the addition of the word "assessment" in the exempting clause did not broaden the exemption.

We are asked to give to the term "assessment" another and different meaning, that is to make it embrace all claims for municipal improvements which specially benefit the real property of the defendant. To so hold would certainly not be strict construction, the limiting of the content of the term to its plain meaning. It is significant that the word "assessment" as used in the statute is in the singular. This would also seem to indicate that the term was used as descriptive of a part of the process of taxation rather than as a broadening of the immunity. We therefore hold that the exemption extended to defendant by the special law relieved the defendant and its property from general taxes only.

The order of the court below is reversed, and the record is remitted to the court below with directions to enter judgment against the defendant for such sum as to right and justice may belong, unless other legal

or equitable cause be shown to the court below why such judgment should not be so entered.