## Beaver Borough *v.* L. R. Davidson, Appellant.

*Municipal lien—Paving authorized on petition—Estoppel of petitioner to deny truth of petition.*

One moving for public improvements and aiding in the preliminary proceedings, is estopped to deny that they are without authority. The defendant in a municipal claim being one of the petitioners for street improvements, the proceedings for which were regular on their face, and of which he had due notice at each successive step will not be permitted when called upon for the contemplated payment to deny the truth of the statements alleged in the petition signed by him.

Argued May 11, 1898. Appeal No. 111, April T., 1898, by defendant, from judgment of C. P. Beaver Co., Sept. T., 1895, No. 328, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Sci. fa. sur municipal lien. Before WILSON, P. J.

It appears from the record and evidence that the defendant below and other property owners on Third street, Beaver, desiring to have said Third street graded and paved, signed and presented a petition to the borough council as follows:

"To the Honorable the Town Council of the borough of Beaver:

"The petition of the undersigned respectfully represent, that they are two-thirds of the owners of property, representing not less than two-thirds in number of feet of the properties fronting or abutting on Third street, in said borough; that said street is in deplorable condition and should be graded and paved with brick or stone; that your petitioners respectfully pray that said street be graded and paved as aforesaid, the cost or expense of the same to be paid for as provided in the act of the general assembly, approved April 23, A. D. 1889, P. L. 44, and its supplements, and they will ever pray."

The town council acting on the petition passed the necessary ordinances and other proceedings, and the street was graded and paved as requested in the petition at a total cost to the borough and citizens thereof of $38,207.86. It does not appear

that any protest was made by defendant until called upon for payment.  In his defense he set up that the allegations in the petition were not true and asked relief from the obligations resulting from the paving of the street.  The trial court under objection by defendant admitted in evidence the petition for the paving of the street.  The court also admitted in evidence under objection the municipal lien filed with the case.  The court refused to admit evidence on behalf of the defendant tending to show that the ordinance was not recorded in the ordinance book of the borough of Beaver until after January or February, 1894. The court below directed a verdict for plaintiff.

Verdict and judgment for plaintiff for $190.36.    Defendant appealed.

*Errors assigned* were (1) refusal of nonsuit.    (2) In admitting in evidence for the plaintiff against objection of defendant the petition to the town council for the paving of the street. (3) In admitting in evidence for the plaintiff against objection of defendant municipal lien filed in the case.    (4) In not admitting the testimony of W. A. McConnell, a witness called on behalf of defendant, the offer being to show that the ordinance under which the work was done had not been transcribed into the ordinance book as late as February, 1894, and the rulings of the court on said offer being as follows: "The Court: We ruled you could show anything tending to show irregularity of the ordinance ; that does not come in under our former ruling. Do you wish to show this ordinance was not transcribed in the ordinance book?   Mr. Reed: Not until about the date specified. The Court: Would that invalidate the ordinance?   Mr. Reed: Yes, sir ; under the act of 1851, providing that ordinances of boroughs must be transcribed in the ordinance book before they can go into effect.    The Court: This court does not so hold. We do not understand that the Act of April 3, 1851, P. L. 320, requires an ordinance to be transcribed at a particular time, or that it should be transcribed and signed by the officers or burgess before it becomes a valid ordinance in order that work can be done ; the act does not require it in so many words, nor is it necessarily implied.    For these reasons the objection is sustained.    Exception sealed at request of counsel for defendant." (5) In directing a verdict for plaintiff.

*J. F. Reed,* for appellant.—It was incumbent on the plaintiff affirmatively to prove that the street had been paved on the application of two thirds of the owners of property, representing not less than two thirds in number of feet of the properties fronting or abutting on said street or thoroughfare. This question is settled by the decision of the Supreme Court in Pittsburg v. Walter, 69 Pa. 367, citing Commissioners v. Keith, 2 Pa. 218.

None knew better than the members of the town council or had better opportunities of knowing whether the petition contained the requisite two thirds of the owners of property representing not less than two thirds in number of feet of the properties fronting or abutting on said street. In Hill v. Epley, 31 Pa. 334, it was held that if the truth be known to both parties, or if they have equal means of knowledge there can be no estoppel.

*L. E. Grim,* for appellee.—The appellant got precisely what he asked for and should pay for it. He now says that the borough did not have jurisdiction to act, for the reason that the petition did not contain the names of two thirds of the property owners. He cannot be heard to allege any such matter when he has voluntarily over his own signature said that he and the others are the two thirds in number and property, and by that act has caused the expenditure of some $42,000: In re Cooper, 93 N. Y. 507; Burlington v. Gilbert, 31 Iowa, 356; Ferson's Appeal, 96 Pa. 140; 7 Am. & Eng. Ency. of Law, 20, note, Public Improvements; Bidwell v. Pittsburg, 85 Pa. 412; Pepper v. City of Philadelphia, 114 Pa. 96; McKnight v. Pittsburg, 91 Pa. 273.

The case of Pittsburg v. Walter, 69 Pa. 365, relied upon by the defendant, does not negative our position, for the reason that the question of estoppel was not raised; nor does it appear that Walter requested the work to be done, or by petition or otherwise made any statements of facts which misled the city, or did any act on which the doctrine of estoppel could be based.

OPINION BY ORLADY, J., December 15, 1898:

A petition, signed by the defendant and a number of others, was presented to the town council of the borough of Beaver,

representing " that they are the two thirds of the owners of property representing not less than two thirds in number of feet of the properties fronting or abutting on Third street in said borough; that said street is in a deplorable condition and should be graded and paved with brick or stone; that your petitioners respectfully pray that said street be graded and paved as aforesaid, the cost or expense of the same to be paid for as provided in the act of general assembly approved April 23, 1889, and its supplements, and they will ever pray."

The town council, actuated by this petition, enacted an ordinance to carry it into effect, made the improvement which was prayed for, and paid all the necessary expenses. After a refusal to pay on demand the proportion chargeable against the property of the defendant, a municipal lien was filed to enforce its payment.

After causing the municipal authorities to act, so as to relieve the deplorable condition of which the defendant complained, the defense is made that the original petition did not in fact contain the necessary number of signers, and that, prior to the commencement of the work, the ordinance was not transcribed into the ordinance book of the borough.

The defendant, and all others interested, were notified to be present at the meeting of council at which the ordinance was offered. It was regularly adopted by council and approved by the burgess on August 9, 1892, and then published by posters and in the newspapers of the borough. The contract for the work was executed October 6, 1892, under which about $42,000 were expended by the borough and the work was completed November 15, 1893. In January, 1894, a notice, containing a statement showing the specified items of work, rate, and its total cost, was given to the defendant, by which his assessment was fixed at $146.40. In the defense made to this municipal claim there is no suggestion that the work done under the proceeding, of which the petition was the corner-stone, was not of a high character, and was not done for reasonable prices.

This defendant must be considered as instituting, or at least authorizing others to represent him in instituting, the proceeding which resulted in causing a large outlay of money by the borough, and in improving his own property. After having so acted, it would be unjust and inequitable if he should be allowed

to complain of an irregularity which as to himself was at most an omission that did not affect the integrity of the ordinance, and by which defense he would receive the benefit of the proceeding, and be exempt from liability therefor.

Having thus united with other property owners in procuring the improvement, and having enjoyed the benefits resulting therefrom, it comes with bad grace for appellant to object to paying his proper share of it. In equity and good conscience he should pay it. The facts and circumstances of the case justify the application of the principle of estoppel enforced in Bidwell v. Pittsburg, 85 Pa. 412, Dewhurst v. Allegheny, 95 Pa. 437, and Sewickley M. E. Church's Appeal, 165 Pa. 475.

The judgment is affirmed.