## Towanda Borough v. Swingle.

*Road law—Assessment for improvement of street—Estoppel—Unconstitutionality of act under which proceedings were held.*

A land owner in a borough who joins in a petition for the grading and repaving of a street on which his property abuts cannot avoid paying for his share of the improvement by setting up the unconstitutionality of the act under which the improvement proceedings were instituted.

*Assumpsit.* Trial by court without jury. C. P. Bradford Co., Sept. T., 1922, No. 465.

*Rodney A. Mercur,* for plaintiff; *Lilley & Wilson,* for defendant.

POTTER, P. J., 17th judicial district, specially presiding, Nov. 21, 1924.— While the writer hereof was specially presiding in the Court of Common Pleas of Bradford County during the week beginning Sept. 1, 1924, he was called upon to hear and determine this case, the hearing having been had on Sept. 3rd of the same week, it having been stipulated by counsel for both the contending parties, by writing duly signed by them and duly filed, dated Sept. 3, 1924, that a jury trial was waived, and that the case be heard by the writer without a jury.

Requests for findings of fact and of law, as well as brief, were promptly furnished and submitted by counsel for the plaintiff, but up to the present time none have been furnished or submitted by counsel for the defendant, although we called their attention to this omission by letter within the period of sixty days after we had heard the case. We, therefore, must arrive at the conclusion that they do not desire to submit any, and the fact that we have been awaiting the receipt of their requests and brief up to the present time accounts for the fact that this case was not determined within the sixty-day period after the hearing was had.

Prior to May 5, 1919, the defendant, with seventy-one other persons, all at that time having been taxpayers and citizens of the Borough of Towanda, which is the county seat of Bradford County, Penna., petitioned the president and members of the borough council of that borough, representing: "That that portion of Main Street, between Bridge Street and Court Street, in the Borough of Towanda, is in need of repairs and improvement," and requesting the said president and borough council to investigate a plan proposed by them, "or some other," for its betterment and improvement.

The defendant owned, and, for all we know, still owns, real estate abutting on that part of Main Street, for the improvement of which he, with the others, petitioned.

The borough council took official action on this petition and duly decided to grant the prayer of the petitioners, and, to that end, after making investiga-

tions as asked for in the petition, entered into contract for the repair and improvement of that part of Main Street designated in the petition.

The repairs and improvements were made and completed on or about Nov. 15, 1921, at a net cost of $8813.44. The borough council then proceeded to apportion the said cost among the abutting real estate owners, in accordance with the provisions of the Act of June 3, 1915, P. L. 807, under and by virtue of which it was claimed the defendant was indebted to the Borough of Towanda in the sum of $162.23.

Upon demand being made upon him for payment of this sum, he refused to pay it or any part of it, for the recovery of which this suit is brought, with interest from March 21, 1922.

Judgment was asked for by the plaintiff for want of a sufficient affidavit of defence, which was, by Judge Maxwell, in quite a lengthy and able opinion, refused, he deciding that the act under which the paintiff was proceeding was unconstitutional. As to the constitutionality or the unconstitutionality of this act, from our viewpoint of the case, we have nothing to do whatever. This question has been ably passed upon by an eminent jurist, whose ability and integrity is beyond question, and no doubt he is correct.

The plaintiff, however, contends that, as the defendant, by petition signed by him, addressed to the Borough Council of Towanda, prayed for the repair and betterment of this part of Main Street, he is now estopped from setting up the unconstitutionality of the act or of making any complaint of the action of the borough council in this respect, and we are free to say we think there is merit in this contention.

We fail to see how any one can blow hot and cold at the same time, and we fail to see how this defendant can consistently pray the borough council to repair and better the street in question and when called upon for payment of his just share of these repairs and improvements, refuse payment, when he at the same time stood by, saw the repairs being made and entered no protest of any kind until called upon to pay his proportionate share of them. He might well have known that he would be called upon for his share of the cost, and if he did not know it, he could have easily ascertained and gained full information about the method of procedure. Signing the petition as he did, it was his place to know. The doctrine of estoppel is one that is familiar in all its various phases and allows no man to avoid payment of an indebtedness he has been instrumental in contracting, and whether this act is constitutional or not, considering his attitude in these proceedings, we must unhesitatingly think him liable for the sum claimed of him by the plaintiff.

One who promotes an improvement made by a municipality under an act of assembly, petitions for it and is active in setting the machinery in operation by which the work is done, is estopped from denying the constitutionality of the act: Dewhurst v. City of Allegheny, 95 Pa. 437.

And where one is active in procuring an ordinance from the councils of a city for the paving and grading of a street, he is estopped from denying the act of assembly in accordance with which the ordinance was passed and the mode of assessment thus adopted: Bidwell v. City of Pittsburgh, 85 Pa. 412.

And where the work of repairing and improving was undertaken at his instance, with others, he is estopped from controverting the acts of the borough council, even though the contract under which the work was done was void: McKnight et al. v. City of Pittsburgh, 91 Pa. 273.

And where a land owner petitions the councils of a municipality to pave a street upon which his land abuts, he is estopped from denying the power of councils in so doing: Harrisburg v. Baptist, 156 Pa. 526.

Towanda Borough v. Swingle.

Where a church is a petitioner for the paving of a street, a claim for exemption from paying its proportionate share will be denied: Broad Street Church's Appeal, 165 Pa. 475. See, also, Beaver Borough v. Davidson, 9 Pa. Superior Ct. 159; Ebensburg Borough v. Little, 28 Pa. Superior Ct. 469.

From the pleadings in this case we gather that the defendant claims that, inasmuch as the plaintiff many years ago put down an improved street paving covering the part of Main Street in question at municipal expense before he bought the property now owned by him abutting on said street, and that, inasmuch as he was obliged to pay for the said property a price that he claims was enhanced by reason of the said paving, he is not legally required to pay the present sum claimed by the plaintiff from him as his share of the new improvement of the street. In view of the disposition we are making of this case, we deem it not necessary to enter into a discussion of this phase of the case.

From the pleadings in this case we arrive at the following

### Findings of fact.

1. The plaintiff is a duly organized municipal corporation located in the County of Bradford, and the defendant is a resident of the Borough of Towanda in said county and State of Pennsylvania, and is the owner of certain premises known as Nos. 414 and 416 Main Street, in the said borough.

2. On May 5, 1919, at a regular meeting of the Borough Council of the Borough of Towanda, an ordinance was duly passed, the title of which was as follows: "Relating to the grading, repaving and curbing on Main Street, between Court and Bridge Streets, and the approach to the bridge over the north branch of the Susquehanna River, all in the Borough of Towanda, Bradford County, Pennsylvania, requiring the properties abutting on the improvement on Main Street to pay one-third of the cost, as provided by the Act of June 3, 1915, P. L. 807, and on Bridge Street to pay two-thirds of the cost, as provided by article VII, chapter 45, of the General Borough Act of 1915," which said ordinance was duly signed by the president of the council of said borough and attested to by its borough manager and secretary, the official seal of said borough attached thereto, and which ordinance was duly approved May 10, 1919, by the burgess of the said borough, and the same was duly recorded in ordinance book of the said borough, appearing on page 409, &c., &c.

3. The said ordinance was duly published in the Bradford Star, a weekly newspaper published in the Borough of Towanda, the first insertion being May 15, 1919, and by the required number of hand-bills.

4. On Feb. 2, 1920, the Borough of Towanda entered into a contract with the T. H. Gill Company for the grading, repaving and curbing on said Main Street, between Court Street and Bridge Street, inter alia, and the actual work thereunder was commenced on or about Sept. 7, 1921, and was completed on or about Nov. 15, 1921.

5. The total cost and expense of the grading, repaving and curbing on Main Street, between Court and Bridge Streets, including storm-sewer, was $10,751.84, less $1938.40, certain items for street intersections at Pine, Court and Bridge Streets, excavation on same and header curbing on Pine Street, leaving a net balance of $8813.44 fronting on property owners; one-third of the above fronting on 839 and 35/100 feet of property owners $3.50 per foot frontage, aggregating $2937.81.

6. On Aug. 7, 1922, by resolution duly passed by the borough council of said borough at a regular meeting relative to the assessment of the cost of grading, repaving and curbing, inter alia, the said council determined the

amount of frontage of each of the different property owners and the amount of their respective assessments, as the respective assessments levied against each of the property owners, and [a resolution] was adopted, assessing the defendant, John W. Swingle, who had a frontage of 46 and 35/100 feet, in the sum of $162.23; notice of which had been previously given to said defendant on or about March 21, 1922, when payment of the same was requested.

7. The said defendant has neglected or refused to pay said assessment or any part thereof, and this suit was brought for the collection of said assessment, and the amount claimed to be due and owing to said plaintiff from said defendant was the sum of $162.23, with interest thereon from March 21, 1922.

8. That, so far as concerns the signers of the petition for the said improvement, the said ordinance of May 5, 1919, was a valid one, and the said assessment of Aug. 7, 1922, was a valid, just, legal and equitable one.

9. The defendant, John W. Swingle, was one of the taxpayers and citizens of the Borough of Towanda who joined in a petition presented to the president and members of the Borough Council of the Borough of Towanda prior to May 5, 1919, complaining, *inter alia*, of that portion of Main Street, between Bridge and Court Streets, in the Borough of Towanda, and alleging that it was in need of repairs and improvements, and suggesting the same may be done and certain changes made.

10. That, although the Act of June 3, 1915, P. L. 807, has been pronounced to be unconstitutional, it, nevertheless, is binding on the signers of the petition for the repairs and improvement.

11. That, whether the said Act of June 3, 1915, P. L. 807, is constitutional or not, cannot be set up by the defendant in this case, he having signed the petition for municipal improvement as aforesaid, and he is estopped by his conduct to deny the validity of this act.

All of which lead us to the following

## Conclusions of law.

1. As to the defendant, the Ordinance of May 5, 1919, of the Borough of Towanda is a valid one, having been duly passed, duly recorded in ordinance book and duly published according to law.

2. The contract of Feb. 2, 1920, entered into between the Borough of Towanda and the T. H. Gill Company for the grading, repaving and curbing of Main Street, between Court and Bridge Streets, *inter alia*, was a legal and a valid one, so far as relates to the defendant, and the work thereunder was commenced on or about Sept. 7, 1921, and was completed on or about Nov. 15, 1921.

3. The net cost of construction of the paving between Court and Bridge Streets was $8813.44, fronting on property owners of 839 and 35/100 feet, at $3.50 per foot front, aggregating $2937.81.

4. So far as relates to the defendant, the assessment of Aug. 7, 1922, by the Borough Council of the Borough of Towanda against each of the several property owners included in the 839 and 35/100 feet, at $3.50 per foot frontage, was a valid, just, legal and equitable assessment.

5. The defendant having a frontage of 46 and 35/100 feet on said Main Street, his assessment, at $3.50 per foot front, amounts to the sum of $162.23.

6. The defendant, being one of the petitioners in the petition presented to the Borough Council of the Borough of Towanda prior to May 5, 1919, praying for municipal improvements on the said street, is estopped from denying either the validity of the ordinance or the validity of the Act of June 3, 1915, P. L. 807.

Towanda Borough v. Swingle.

7. The plaintiff is, therefore, entitled to recover a judgment of $162.23 from the defendant, with interest thereon from March 21, 1922, together with the costs of this suit.

### Decree.

And now, to wit, Nov. 21, 1924, this case came on to be heard by the court without a jury. For the reasons in this opinion expressed, after due deliberation, the court do publicly render judgment against the defendant and in favor of the plaintiff for the sum of $162.23, with interest thereon from March 21, 1922, together with the costs of this suit.

The prothonotary is directed to give immediate notice in writing to counsel for the defendant and to counsel for the plaintiff of the filing of this opinion and the rendition of this judgment, and if no exceptions are filed thereto within thirty days after said notices are served as herein directed, judgment to be entered in favor of the plaintiff as herein rendered. If exceptions are filed within the said period of thirty days, they are to be placed on the argument list for argument.